1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

JOSE LUIS JIMENEZ,                      ) CV 12-09200-SH
                                        )
                Plaintiff,              ) MEMORANDUM DECISION
                                        ) AND ORDER
        v.                              )
                                        )
CAROLYN W. COLVIN, Acting               )
Commissioner of Social Security,        )
                                        )
                Defendant.              )
_____)

        This matter is before the court for review of the Decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income benefits and Disability Insurance Benefits.  Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned.  The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.  Plaintiff and defendant have filed their pleadings, defendant has filed the certified transcript of record, and each party has filed

its supporting brief.  After reviewing the matter, the Court concludes the Decision of the Commissioner should be affirmed.

## I.  PROCEDURAL BACKGROUND

Plaintiff, Jose Luis Jimenez, applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 11, 2009 (AR 51, 135-145).  Plaintiff alleges disability commencing June 2003.  (AR 146-47).  However, he remained "insured" through December 31, 2009, and must establish that a disability existed on or before that date.  (AR 53).  Plaintiff's applications were denied initially and upon reconsideration. (AR 70-74, 79-89).  Plaintiff requested a hearing before an administrative law judge ("ALJ") (AR 91-93).  The hearing before the ALJ was held on June 15, 2010.  (AR 32-52).  On July 13, 2010, the ALJ issued an unfavorable decision (AR 45-61).  The Appeals Council denied Plaintiff's request for review.  (AR 1-3).  Plaintiff commenced this civil action seeking judicial review of his case.

## II.  DISCUSSION

**A. The ALJ Properly Evaluated Plaintiff's Credibility.**

Plaintiff asserts that the ALJ failed to properly assess his credibility and consider his subjective complaints.  In response, Defendant argues that the ALJ properly evaluated Plaintiff's credibility.

Plaintiff alleges severe chronic pain in the left knee.  Plaintiff also asserts residual hand numbness post-carpal tunnel release.  (AR 251).  Furthermore, Plaintiff claims to have shoulder pain post-surgery and depression.  Id.

The ALJ provided the following reasons for finding Plaintiff not credible: (1) Plaintiff's credibility was diminished because the medical evidence provided little support for the degree of disability Plaintiff alleges; (2) there was a long gap in plaintiff's treatment history; (3) inconsistent statements and actions by the Plaintiff; (4) the level of

treatment Plaintiff received; (5) Plaintiff's daily activities did not provide support for finding him credible.

The Commissioner's assessment of a plaintiff's credibility should be given great weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of the pain. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of pain and symptoms only by articulating clear and convincing reasons for doing so. Valentine v. Comm'r, 574 F.3d 685,693 (9th Cir. 2009).

To determine whether the plaintiff's testimony regarding the severity of his symptoms is credible, the ALJ may consider, among other things, the: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a proscribed course of treatment; and (3) the claimant's daily activities. Smolen, 158 F.3d at 1273. See also Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (listing factors such as (1) claimant's reputation for truthfulness; (2) inconsistencies either in testimony or between claimant's testimony and claimant's conduct; (3) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains).

An error is harmless when the ALJ has provided an invalid reason for an adverse credibility finding, but there are also other valid reasons for the finding. Carmickle v. Comm'r, Soc. Sec. Admin, 533 F.3d 1155, 1162 (9th Cir. 2008). "The relevant inquiry in this context is not whether the ALJ would have made a different decision absent any

error, it is whether the ALJ's decision remains legally valid, despite such error." Id.  See also Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

Here, overall, the ALJ made the credibility findings which were supported by clear and convincing reasons.  First, the ALJ stated that the medical evidence did not provide support for the degree of disability that Plaintiff was alleging (AR 58).  The ALJ noted "[a]s of 2006, the claimant only presented with knee pain complaints and clinical findings and x-rays revealed no particular problems with the left knee." (AR 58, 199).

While the ALJ may not reject a Plaintiff's testimony solely because it is not supported by objective medical evidence, the ALJ may consider this conflict for a credibility finding.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  Plaintiff points to the Valley Presbyterian Hospital report from June of 2006 in which the doctor states "Spur off the superior aspect of the medial femoral condyle can be seen." (AR 193).  However, another sentence follows which states, "It is otherwise noted to be unremarkable." (Id).

The second basis the ALJ cited to for finding Plaintiff not fully credible was the long gap in Plaintiff's treatment history. According to the record, Plaintiff did not seek or require any medical treatment from 2006 to 2009. (AR 54).  Nor did Plaintiff seek any treatment until 2010 for his mental impairments which, according to Plaintiff, arose from incidents in the late 1990's. (AR 56).  Indeed, there is no evidence from any treating physicians.  Since Plaintiff did not present any evidence from treating physicians, the ALJ considered the opinions of examining and consultative physicians to make his Residual functional Capacity ("RFC") determinations.

The ALJ may consider unexplained or inadequately explained failure to seek treatment in credibility findings.  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).  Furthermore, courts have upheld an ALJ's adverse credibility findings when the claimant claimed he or she did not seek treatment because of cost but sought medical care

for some ailments but not others.  <u>Flaten v. Sec'y of Health and Human Services</u>, 44 F.3d 1453, 1464 (9th Cir. 1995).

The Plaintiff, in briefing before this Court, has contended that he did not seek medical treatment because of the costs associated with it.  However, Plaintiff did not cite this as a reason for the gap in medical treatment history at the hearing before the ALJ, even though he had the opportunity to do so.  Additionally, the ALJ reasonably noted the fact that Plaintiff did not seek mental health treatment until over ten years after the incidents that allegedly caused his mental impairments also undermined his credibility. (AR 56).

The third reason the ALJ cited were the inconsistencies in Plaintiff's statements and actions.  (AR 59).  <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1090 (9th Cir. 1999) (holding the claimant was properly discredited because his testimony was inconsistent with his own statements or actions, as well as the medical evidence).

The ALJ noted that Plaintiff testified at the hearing that he spoke no English at all, yet he was able to answer some questions before they were translated, and was able to communicate with Dr. Swanson in English to a degree (AR 59, 238). However, Dr. Swanson noted that Plaintiff required an interpreter, undermining the ALJ's credibility decision in this respect.  Additionally, Plaintiff stated he only possessed a third grade education but in fact he had completed the sixth grade according to his previous report (AR 21, 59, 164).  Furthermore, at the hearing, the ALJ concluded that Plaintiff could lift his arm to shoulder level.  (AR 59).  However, Plaintiff testified that the issue he has with his left arm is that when he raises it, it "gets stuck, and I'm not able to move it."  (AR 26). The ALJ misunderstood Plaintiff's testimony in this respect.  Lastly, the ALJ noted that the Plaintiff's memory was sketchy with regard to some important events such as when he last worked and had surgery.  (AR 21, 24, 59).  Plaintiff contends his testimony was not inconsistent. Given the ALJ's partial misunderstanding of the record, the Court partially rejects the ALJ's reasoning.

However, the ALJ states two other reasons for finding Plaintiff not credible.  These findings provide support for the adverse credibility finding.  The ALJ noted the level of treatment Plaintiff received in 2006, specifically that no doctor recommended surgery, physical therapy, or pain management, which undermined Plaintiff's subjective complaints. Conservative treatment may diminish a claimant's credibility regarding the severity of an impairment.  Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007). Additionally, the ALJ considered Plaintiff's ability to perform basic daily activities such as shopping, cleaning, and doing laundry.  While performing basic daily activities by itself is not a sufficient reason to reject a Plaintiff's credibility, the ALJ used this information to provide additional support for his credibility finding. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (ALJ properly discredited the claimant's testimony based on the lack of support for claimant's allegations and claimant's normal daily activities which included cooking, cleaning, and laundry).

Overall, the ALJ provided sufficient clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony regarding his symptoms not fully credible.

**B. The ALJ Properly Evaluated the Medical Opinions on the Record.**

The ALJ considered the medical opinions on the record and made an RFC finding in accordance to the evidence presented to him.  The ALJ considered the opinions of Dr. Yu, Dr. Contreras, and Dr. Swanson.  The record did not contain any opinions from treating physicians.

Dr. Contreras is a physician who examined Plaintiff in 2006 for worker's compensation benefits, and provided his findings and opinions.  Dr. Contreras opined that Plaintiff could not engage in repetitive bending, repetitive work above the shoulder level, heavy lifting, repetitive pushing and pulling with the left arm, very repetitive grasping and gripping with both hands, repetitive squatting, repetitive kneeling, repetitive

stooping, and prolonged walking on uneven ground.  (AR 54, 252).  This opinion was provided in worker's compensation terms.  Dr. Contreras stated that Plaintiff was "totally and temporarily disabled" from 8/31/01 to 10/02/02 and from 7/12/05 to 7/12/06.  (AR 253).

Plaintiff argues the ALJ erred in rejecting Dr. Contreras' opinion. Defendant argues the ALJ did not reject the doctor's medical opinions, but in fact credited them in his ultimate RFC assessment. (AR 58).  The only part of Dr. Contreras' opinions the ALJ did not address was the portion in worker's compensation terminology that stated that Plaintiff had been "totally and temporarily disabled" during two periods.

A finding of disability under the worker's compensation scheme does not bind the Commissioner.  20 C.F.R. §§ 404.1504, 416.904.  However, every medical opinion, regardless of its source will be evaluated by the SSA.  20 C.F.R. § 404.1527 (d). Furthermore, an ALJ is "not bound by an expert medical opinion on the ultimate question of disability."  Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

Here, the ALJ properly evaluated the medical and non-medical opinions presented by Dr. Contreras.  The ALJ's RFC finding was in accordance with Dr. Contreras' medical opinions. This worker's compensation opinion, which stated Plaintiff was "totally and temporarily disabled," was a conclusion on the ultimate issue of disability, rather than a medical opinion. Although every medical opinion is to be evaluated by the SSA, the quoted language at issue is not a medical opinion.  The ALJ did not evaluate this portion of Dr. Contreras' report because he was not bound by an opinion under the worker's compensation scheme. Furthermore, this writing is merely a brief summary or explanation of Plaintiff's worker's compensation claim, which the ALJ was not required to address at all.

Plaintiff further argues that the ALJ erred in rejecting Dr. Swanson's opinion. Defendant argues that the ALJ properly rejected Dr. Swanson's opinion.  Dr. Swanson was an examining psychologist who opined that Plaintiff was friendly and cooperative

7

but passive and indifferent, and showed psychomotor delays and cognitive impairments. (AR 55, 238-42).  Dr. Swanson opined that Plaintiff would have difficulty with complex tasks, memory, and adapting to work conditions.  (AR 55, 240).

The opinions of an examining physician may only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.  <u>Lester v. Chater</u>, 81 F.3d 821, 830-831 (9th Cir. 1995).  An ALJ is not required to accept the opinion of any physician if that opinion is brief, conclusory, and inadequately supported by clinical findings.  <u>Thomas,</u> 278 F. 3d 947, 957 (9th Cir. 2002).  Furthermore, an ALJ may reject the opinion of a physician if it is based on Plaintiff's discredited subjective complaints.  <u>Id</u>.

Here, the ALJ identified specific and legitimate reasons that were supported by substantial evidence in rejecting Dr. Swanson's opinions.  First, the ALJ correctly stated that Dr. Swanson's opinion contained no formal psychiatric testing and was largely based on Plaintiff's subjective complaints.  The ALJ was correct in rejecting Dr. Swanson's opinion because the opinion was not supported by adequate clinical findings. Second, the ALJ rejected Dr. Swanson's opinion because it was largely based on Plaintiff's discredited subjective complaints. Since the ALJ correctly discredited the Plaintiff's subjective complaints, the ALJ was correct in rejecting an opinion that was based mostly on those complaints.  Third, the ALJ considered the consistency of Dr. Swanson's opinion with the 2010 reports from the Northeast Valley Health Corporation and with the reported impairments at the hearing before the ALJ.  In January 2010, Plaintiff mentioned depression to the Northeast Valley Health Corporation, but not his alleged problems with memory or complex tasks.  (AR 56, 233-34).  He did not even mention the memory and performing of complex tasks problems at the hearing.  <u>Id</u>.  The ALJ correctly considered the inconsistency of Dr. Swanson's opinion with the entire record in rejecting his opinion.  Lastly, the ALJ, in rejecting Dr. Swanson's opinion, took into consideration the fact that Plaintiff had reported that his prescribed medication for depression improved his

mood.  (AR 56, 230).  This is significant because it demonstrates that Plaintiff's depression is amenable to control with medication.  Overall, the ALJ correctly rejected Dr. Swanson's opinion by stating specific and legitimate reasons that were supported by substantial evidence on the record.

The ALJ properly considered and adopted the opinion of Dr. Warren David Yu, an orthopedic surgeon who examined Plaintiff on May 17, 2009.  (AR 54-55, 59, 196-99). In his examination, Dr. Yu found that Plaintiff had normal gait, he was able to "toe and heel walk," and required no assistive device for ambulation.  (AR 197).  Dr. Yu also noted Plaintiff's shoulder range of motion was within normal limits. He further noted that there were some residual impingement signs on the left shoulder, however no atrophy. Id.  Dr. Yu stated the wrists and hands had normal ranges of motion.  (AR 198). The doctor also noted that the knee examination revealed mild tenderness, however the range of motion of the knee was normal and there was no effusion or joint line tenderness, and no instability.  Id.  Dr. Yu stated Plaintiff's motor strengthened sensation in the upper and lower extremities were within the normal limits.  Id.  Furthermore, the doctor noted residual hand numbness, status post carpal tunnel releases, bilaterally.  (AT 199). Additionally, per Dr. Yu, Plaintiff had residual left shoulder pain post arthroscopic surgery.  Id.  Based on the examination, Dr. Yu stated Plaintiff should be able to walk without an assistive device, should be able to sit or stand or walk for up to six hours in an eight-hour workday.  Id.  He should also occasionally be allowed to pick up 20 pounds and frequently 10 pounds.  Id.  Also, Dr. Yu stated Plaintiff could have frequent use of the upper extremities for "pushing, pulling, fine finger motor movements, handling and fingering."  (AR 199).

The opinions of a consultative physician based on an examination constitute substantial evidence.  Tonapetyan v. Halter, 242 F. 3d 1144, 1149 (9th Cir. 2001).

Here, the ALJ was entitled to rely on Dr. Yu's opinions because Dr. Yu conducted an examination of Plaintiff and based his medical opinion on that examination.

1
2
3
4
5
6
7

Furthermore, the ALJ was not presented with any opinions from any treating physicians who would have a closer relationship with the Plaintiff, and whose opinions the ALJ would have to consider.  The ALJ was required to view the record as a whole and make his RFC assessment based on substantial evidence on the record. The Court finds that Dr. Yu's opinion was consistent with the record as a whole.  Thus, the ALJ did not err in relying on Dr. Yu's medical opinion in his RFC determination.

8
9
10

**C. The ALJ's Residual Functional Capacity Finding was Based on Substantial Evidence in the Record.**

11
12
13

The Plaintiff contends that the ALJ did not factor in Plaintiff's obesity when determining his Residual Functional Capacity. In response, Defendant argues that the ALJ's findings were proper and based on substantial evidence on the record.

14
15
16

When there is no evidence of Plaintiff's obesity actually limiting his or her functioning, the ALJ's failure to consider such alleged limitations is not reversible error. Burch v. Barnhart, 400 F.3d 676, 683-84 (9th Cir. 2005).

17
18
19
20
21
22
23
24

Here, the ALJ did not err in not including the impact that Plaintiff's obesity might have on his other impairments. The ALJ was not obligated to do so because there was no evidence of such limitations presented by Plaintiff. There is no evidence in the record that any doctor diagnosed Plaintiff with obesity.  Nor did any doctors suggest that obesity intensified Plaintiff's other impairments.  In fact, doctors did not even make any recommendations regarding Plaintiff needing to lose weight. Therefore, the ALJ did not err in not considering Plaintiff's obesity in his RFC assessment.

25
26

**III.   CONCLUSION**

27
28

In Court finds the ALJ properly evaluated Plaintiff's credibility.  The court further finds that the ALJ correctly evaluated the opinions of Dr. Contreras and Dr. Swanson. Lastly, the Court finds the ALJ's determination of Plaintiff's RFC was correct.

For the foregoing reasons, the Decision of the Commissioner is affirmed and the Complaint is dismissed.

DATED: November 7, 2013

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE